UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSAN LASK,

              *Plaintiff,*

-against-

HARVEY SORID,
JAY C. SORID, and
PAULETTE ANGELA DENNIS,

              ***Defendants.***

Civil Action No: 25-cv-25-5724

CIVIL COMPLAINT

JURY TRIAL DEMANDED

**PRELIMINARY STATEMENT**

**1.** Plaintiff brings this action for damages arising from Defendants' coordinated, malicious, and unlawful campaign to hamr her professional reputation and interfere with her legal practice, including while she was prosecuting two fraud actions against Defendant Harvey Sorid by his former clients, Derek Armstrong ("Armstrong") and Mojisolo Ndefo ("Ndefo").

**2.** During those matters, Defendants engaged in direct, unauthorized communications with Plaintiff's client; disseminated false statements impugning Plaintiff's competence and character to third parties including co-counsel in an unrelated case; and weaponized sham civil actions to harass Plaintiff and chill her advocacy on behalf of her clients.

**3.** Defendant Harvey Sorid engaged in the same deceits on the courts and misconduct that twice suspended his legal license. *In the Matter of Sorid,* 189 A.D.2d 377 (1993) and https://iapps.courts.state.ny.us/attorneyservices/wicket/page?3 .

**4.** Defendants' conduct was deliberate and malicious, constituting slander *per se*, New York Judiciary Law § 487 deceits, tortious interference with contract and prospective business advantage, prima facie tort, and civil conspiracy, among other causes of action.

1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in the Eastern District of New York.

**PARTIES**

7. Plaintiff Lask is an individual and attorney, and not a domicile of the State of New York.

8. Defendant Harvey Sorid is an individual and attorney, domiciled in Nassau County, New York.

9. Defendant Jay C. Sorid is the adult son of Harvey Sorid and also an attorney, domiciled in Nassau County, New York.

10. Defendant Paulette Angela Dennis is an individual domiciled in New York, and upon information and belief in Queens County, and at all relevant times acted in concert with the Sorid Defendants in the sham litigation described below.

**FACTUAL ALLEGATIONS**

11. In February, 2022, Plaintiff represented Derek Armstrong in two fraud actions against Defendant Harvey Sorid filed in Nassau Supreme Court, Index No. 602835/22 and 601717/22. Plaintiff also represented Mojisolo Ndefo in a separate legal malpractice and fraud action against Harvey Sorid in the United States District Court, Eastern District of New York, Docket No. 22-01382.

12. Notwithstanding Rule 4.2 of the New York Rules of Professional Conduct, Sorid met privately with Armstrong during the pendency of the action that Lask represented him in and

discussed case matters, and made false, degrading statements about Plaintiff, including that she was incompetent.

13. On July 8, 2024, Armstrong texted and called Plaintiff to inform that Harvey Sorid had a long meeting with him on July 2, 2024 while the Armstrong and Ndefo actions were pending against Sorid.   See text below:



14. That day Armstrong, in a consensual recorded call, informed that Sorid met with Armstrong at a diner in New York while he was represented by Plaintiff and, without Plaintiff's knowledge or consent, Sorid discussed the pending case which Plaintiff represented Armstrong against Sorid and Sorid intimidated Armstrong by stating that he will not "respond to anything" in the case, meaning Sorid is above the law and will protract the case to frighten Armstrong that it will never end.

15. Sorid proceeded to defame Plaintiff by telling Armstrong she is a "bitch", admitting that he directly told Plaintiff in the past that she is a "bitch" and he told Armstrong she is incompetent as a lawyer.

16. The only true statement was Sorid had years before harassed Plaintiff with incessant unidentified calls to her office, screaming she is a "bitch", when Plaintiff never even knew who Sorid was and had no connection to him.

17. The other statements were false, malicious, and intended to induce Armstrong to sever his relationship with Plaintiff and abandon meritorious claims.

18. Sorid's conduct was both unethical and unlawful:

a. He directly communicated with Armstrong knowing Armstrong was Plaintiff's client in active litigation against him; and

b. He made knowingly false and derogatory statements about his counsel's (Plaintiff) professional competence and character.

19. In fact, Armstrong, in an August 19, 2022 affidavit, detailed that Sorid's pattern and practice was to meet him and pay him cash as his "runner" in the past and made other payments to him to remain quiet about Sorid's malpractice at other times.

20. As a direct result of Sorid's improper approach of Plaintiff's client and his slanderous statements and likely cash payment to Armstrong to drop the case, Armstrong disappeared, forcing Plaintiff to withdraw from his case.

21. The statements were false, malicious, and intended to induce Armstrong to sever his relationship with Plaintiff and abandon meritorious claims and caused Plaintiff to lose anticipated legal fees, incur unreimbursed litigation expenses, and suffer reputational damage.

22. Shortly thereafter on October 11, 2024, Defendant Jay C. Sorid, acting in concert with his father, contacted Plaintiff's co-counsel, Alex Dudelson, in an unrelated case and falsely stated that Plaintiff was being sued by Sorid for "malpractice," urging the co-counsel to turn against Plaintiff. The statement was knowingly false and calculated to harm Plaintiff in her profession.

23. During that call, the son introduced himself as having searched Plaintiff's cases and found Mr. Dudelson, stating he has a mutual interest to attack Plaintiff's career, and to convince Mr. Dudelson to turn against Plaintiff he stated Plaintiff is being sued by Defendant Harvey Sorid for "malpractice."   When Mr. Dudelson responded he had no interest in what Sorid said, Defendant Jay C. Sorid incompetently and unethically told Mr. Dudelson to keep his slanderous call a secret-which Mr. Dudelson later provided an affidavit regarding Sorid's unethical call.

24. This statement of Sorid suing Plaintiff for "malpractice" was entirely false, there were no malpractice cases by Sorid against Plaintiff , it was known to be false when made, and intended to discredit Plaintiff to her co-counsel and colleague to damage her legal practice.

25. The statement was communicated to a third party, concerned Plaintiff's professional competence, and constitutes slander *per se*.

26. Defendant Jay C. Sorid's malice and lack of professional integrity were demonstrated by his deliberate efforts to contact Plaintiff's colleagues and co-counsel to disseminate false statements about her, followed by abruptly terminating the call when confronted that his call was unethical, and making it known in that call that he was stalking Plaintiff by searching her cases online and contacting her adversaries and colleagues.

27. As part of the same course of conduct, Defendant Harvey Sorid initiated two copy-cat, meritless civil actions in Queens County Supreme Court against Plaintiff purportedly on behalf of clients, including Paulette Angela Dennis**.** Those actions lacked any factual basis, were pursued to harass, and were used to publish false accusations about Plaintiff in publicly filed pleadings.

28. In the Dennis action, Defendants Sorid and Dennis refused to prosecute, failed to provide discovery, refused to appear for notices depositions, ignored court orders.

29. After years of Plaintiff defending against that sham complaint and proving it was a sham, Defendant Sorid admitted to the court he did not have his so-called client's consent to pursue the case for a long time and was not even communicating with his so-called client - stating "I'm in trouble."

30. On August 8, 2025 Defendant Dennis' executed Stipulation of Discontinuance with prejudice was filed, which has the same preclusive effect as a judgment on the merits in favor of Defendant. *Busher v. Barry*, 223 A.D.3d 778, 780 (2d Dep't 2024).

31. The pleadings and litigation steps were used as leverage to extort and as a vehicle to defame and burden Plaintiff, rather than to vindicate any legitimate claim.

32. In fact, Defendant Harvey Sorid refused to prosecute the matters, failed to produce his clients for depositions, ignored discovery demands and refused to appear for court conferences.

33. In these two sham copy-cat cases, Sorid engaged in at least fifteen separate acts of deceit upon the court and counsel in violation of Judiciary Law § 487, including:

 i. Falsely stating in court filings that Plaintiff had "stalked a judge";

 ii. Misrepresenting the nature and terms of Plaintiff's retainers in unrelated matters;

iii. Fabricating claims about other cases handled by Plaintiff; and

iv. Filing pleadings containing factual allegations known to be false.

34. The timing, coordination, familial relationship of Defendants Sorid, and consistent targeting of Plaintiff's profession demonstrate a concerted scheme by all Defendants to retaliate against and injure Plaintiff.

**CAUSES OF ACTION**

**Count I — Slander Per Se (Against Jay C. Sorid)**

35. Plaintiff repeats and realleges all of the foregoing paragraphs.

36. Defendant Jay C. Sorid made an unprivileged, false oral statement to a third party that Plaintiff was being sued for "malpractice" by Dfeendants Sorid.

37. The statement, by its nature, tends to injure Plaintiff in her trade or profession and constitutes slander per se under New York law.

38. Defendant Jay C. Sorid acted with malice.

39. Plaintiff is entitled to presumed and actual damage

**Count II — Judiciary Law § 487 (Against Harvey Sorid)**

40. Plaintiff repeats and realleges all of the foregoing paragraphs.

41. As an attorney, Harvey Sorid engaged in a chronic and extreme pattern of deceit and intent to deceive the courts and parties by, among other things, (a) secretly communicating with Plaintiff's represented client about the case merits; (b) making false statements designed to disrupt the attorney-client relationship; and (c) commencing and prosecuting sham actions with a slew of knowingly false allegations and deceits made to the court.

42. Plaintiff suffered damages of legal fees and costs proximately caused by this deceit and is entitled to treble damages under Judiciary Law § 487(1).

43. Such conduct constitutes multiple violations of Judiciary Law § 487, entitling Plaintiff to treble damages.

**Count III — Tortious Interference with Contract and Prospective Business Advantage (Against Both Defendants Sorid)**

44. Plaintiff repeats and realleges all of the foregoing paragraphs.

45. Plaintiff had valid contractual and prospective business relationships with Armstrong, Moji, and co-counsel.

46. Defendants intentionally and without justification interfered with those relationships, and with malice, through false statements and coordinated actions, causing loss of fees and other damages.

**Count IV — Prima Facie Tort (Against All Defendants)**

47. Plaintiff repeats and realleges all of the foregoing paragraphs.

48. Defendants used otherwise lawful acts (speech, court filings) with the sole purpose of causing harm to Plaintiff.

49. Defendants' disinterested malevolence and lack of justification caused special damages including lost income and litigation expenses.

**Count V — Civil Conspiracy (Against All Defendants)**

50. Plaintiff repeats and realleges all of the foregoing paragraphs.

51. Defendants entered into an agreement and acted in concert to defame, harass, and economically injure Plaintiff.

52. Each Defendant committed overt acts in furtherance of the scheme: Sorid's diner remarks to Armstrong, his son's false malpractice statement to Plaintiff's co-counsel, and Sorid's sham Queens County lawsuits and Dennis participating in the sham with multiple acts of deceit.

53. The conspiracy resulted in the commission of the torts alleged above and caused Plaintiff damages.

**Count VI — Malicious Prosecution (Civil) (Against Harvey Sorid and Paulette Angela Dennis)**

54. Plaintiff repeats and realleges all of the foregoing paragraphs.

55. Defendants commenced one or more prior civil judicial proceedings against Plaintiff without probable cause and with malice.

56. The Dennis proceeding terminated in Plaintiff's favor, and Defendants used both the proceedings primarily to defame, harass, and coerce.

57. Plaintiff suffered special injury, including interference with person and property, costs, and reputational and economic harm.

**Count VII — Abuse of Process (Against All Defendants)**

58. Plaintiff repeats and realleges all of the foregoing paragraphs.

59. Defendants willfully employed regularly issued process—summonses, complaints, and related court procedures—with an intent to do harm without excuse or justification and to obtain a collateral objective outside the legitimate ends of the proceedings, namely to damage Plaintiff's reputation, disrupt her client relationships, and chill her advocacy.

60. Plaintiff suffered damages as a direct and proximate result.

**DAMAGES**

61. As a direct and proximate result of Defendant Sorid's multiple acts of deceit in violation of New York Judiciary Law § 487, Plaintiff has incurred, and continues to incur, substantial attorney's fees, costs, and related litigation expenses in uncovering, defending against, and remedying such deceit in multiple court proceedings.

62. These damages are ongoing and will be established at trial, but in the aggregate, they exceed $75,000, exclusive of interest and costs, thereby satisfying the jurisdictional amount for this Court under 28 U.S.C. § 1332.

63. Plaintiff also seeks punitive damages for Defendants' willful and malicious conduct, together with such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, awarding:

A. Compensatory damages in an amount to be determined at trial;

B. Treble damages under Judiciary Law § 487;

C. Punitive damages;

D. Pre- and post-judgment interest;

E. Costs and reasonable attorneys' fees as permitted by law; and

F. Such other and further relief as the Court deems just and proper.


Dated: October 11, 2025	LAW OFFICES OF SUSAN CHANA LASK

/s/ Susan Chana Lask
Susan Chana Lask, Esq.
*Counsel for Plaintiff*
244 Fifth Avenue, Suite 2369
New York, NY 10001
917. 300-1958
susanchanalask@gmail.com